**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BODUM USA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> METROPOLITAN TEA COMPANY, LTD., <br><br> *Defendants*. | Case No. 07-CIV-7455 (DLC) <br><br> **ANSWER** |

Defendant Metropolitan Tea Company, Ltd. ("Metropolitan Tea"), by and through its attorneys, Jenner & Block LLP, for its Answer to the Complaint of Plaintiff Bodum USA, Inc. ("Bodum"), responds as follows:

1.  Metropolitan Tea avers that this paragraph sets forth legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required, Metropolitan Tea denies the allegations in this paragraph and specifically avers that Bodum is not entitled to the relief sought against Metropolitan Tea.

2.  Metropolitan Tea is without sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies same.

3.  Metropolitan Tea is without sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies same.

4.  Metropolitan Tea admits only that it had a postal address at 1010 Niagara Street, Buffalo, New York 14213 until 2006 and denies the remaining allegations in this paragraph.

5.  Metropolitan Tea admits it sells accessories relating exclusively to tea that are ancillary to its main business, and denies the remaining allegations in this paragraph.

13487.1

6. Metropolitan Tea admits that the Complaint purports to allege subject matter jurisdiction based on 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a), (b) and 1367 but otherwise denies the allegations in this paragraph.

7. Metropolitan Tea admits that it maintains a postal box at the UPS Distribution Center in Cheektowaga and conducts business in this state, but otherwise denies the allegations in this paragraph.

8. Metropolitan Tea admits the Complaint purports to allege venue based on 28 U.S.C. § 1391(b)(2) but otherwise denies the allegations in this paragraph.

9. Metropolitan Tea is without sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph and therefore denies same.

10. Metropolitan Tea admits only that Exhibit A purports to be a picture of a coffee maker and is without sufficient knowledge or information to form a belief about the truth or falsity of Bodum's development activities and therefore denies same. Metropolitan Tea denies the remaining allegations in this paragraph.

11. Metropolitan Tea is without sufficient knowledge or information to form a belief about the truth or falsity of Bodum's advertising activities and therefore denies same. Metropolitan Tea denies the remaining allegations in this paragraph.

12. Denied.

13. Metropolitan Tea is without sufficient knowledge or information to form a belief about the truth or falsity of Bodum's advertising activities and therefore denies same. Metropolitan Tea denies the remaining allegations in this paragraph.

14. Denied.

13487.1

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Metropolitan Tea avers that this paragraph sets forth legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required Metropolitan Tea denies the allegations in this paragraph and repeats and realleges its responses to paragraphs 1-19.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Metropolitan Tea avers that this paragraph sets forth legal conclusions to which an answer is neither necessary nor appropriate. To the extent an answer is required Metropolitan Tea denies the allegations in this paragraph and repeats and realleges its responses to paragraphs 1-24.

26. Denied.

27. Denied.

28. Denied.

13487.1

29.     Metropolitan Tea avers that this paragraph sets forth legal conclusions to which an answer is neither necessary nor appropriate.  To the extent an answer is required Metropolitan Tea denies the allegations in this paragraph and repeats and realleges its responses to paragraphs 1-28.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

### FIRST AFFIRMATIVE DEFENSE

(1)     The Complaint fails to state a claim against Metropolitan Tea upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(2)     Bodum's claims and prayer for relief are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

(3)     Bodum's claims fail because its alleged trade dress is ornamental and cannot serve any source-identifying role.

### FOURTH AFFIRMATIVE DEFENSE

(4)     Bodum's claims fail because its alleged trade dress is or has become, in whole or in part, generic.

13487.1

## FIFTH AFFIRMATIVE DEFENSE

(5)     Bodum's claims fail because its alleged trade dress is, in whole or in part, functional.

## SIXTH AFFIRMATIVE DEFENSE

(6)     Bodum's claims fail because its alleged trade dress is not distinctive and lacks secondary meaning.

## SEVENTH AFFIRMATIVE DEFENSE

(7)     Bodum's claims fail because it failed to add an indispensable party.

WHEREFORE, Metropolitan Tea respectfully requests that the Court:

A.     Dismiss Bodum's Complaint against Metropolitan Tea in its entirety with prejudice, and award judgment to Metropolitan Tea;

B.     Award Metropolitan Tea their reasonable costs and attorneys' fees incurred in having to defend this action; and

C.     Award Metropolitan Tea such other and further relief as the Court deems just and proper.

Date:  November 19, 2007                    JENNER& BLOCK LLP
                                            By: s/ Gianni P. Servodidio
                                            Gianni P. Servodidio (GPS0713)
                                            Elizabeth Valentina (EV4345)
                                            919 Third Avenue
                                            New York, New York 10022
                                            (212) 891-1600
                                            (212) 891-1699

                                            *Counsel for Defendant,*
                                            *Metropolitan Tea Company, Ltd.*

13487.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2007 I served the foregoing **Answer** upon the following counsel in the following manners:

**VIA USPS First Class Mail, E-Mail, and the ECF System:**
*Chad A. Schiefelbein*
*David Edmund Bennett*
*Jared Christian Jodrey*
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601
(312) 609-7500
Fax: (312) 609-5005
Email: cschiefelbein@vedderprice.com
Email: dbennett@vedderprice.com
Email: jjodrey@vedderprice.com

*Marie Anne Tieri*
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th Floor
New York, NY 10019
(212) 407-7700
Fax: (212) 407-7799
Email: mtieri@vedderprice.com

**VIA USPS First Class Mail and E-Mail:**
*John H. Eickmeyer*
Vedder, Price, Kaufman & Kammholz, P.C.
1633 Broadway, 47th floor
New York, NY 10019
(212) 407-7700
Fax: (212) 407-7799

*Attorneys for Plaintiff.*

Respectfully submitted,

**Metropolitan Tea Company, Ltd.**

s/ Elizabeth Valentina
*Attorney for Defendant.*